## M. K. SWAIN v. JOHN McCULLOCK.

The prosecution bond given in an action is intended to indemnify the defendant against such costs as he may be required to pay during the progress of the action, but not the plaintiff's costs:

*Therefore*, a judgment taxing the defendant with an allowance to a referee as his costs, and adjudging that the defendant recover against the plaintiff and the surety on his bond, the defendant's costs, *including said allowance*, is erroneous.

CIVIL ACTION tried before KERR, J., at December Term, 1874, of the Superior Court of GUILFORD.

The action was brought against the defendant as trustee under a deed in trust, executed by the plaintiff in 1858, for an account and settlement, &c. It was referred to Ralph Gorrell, Esq., and heard upon exceptions by both parties to a report and supplemental report filed by him. His Honor overruled the plaintiff's exceptions, and sustained one of the defendant's exceptions, and ordered the confirmation of the report after being modified accordingly. The report thus modified established a balance as unpaid by defendant as trustee. He further adjudged that an allowance of $125 to referee be taxed against the defendant as his costs, and that he recover of the plaintiff and the surety on his prosecution bond " all the costs of the defendant in the action, including one hundred and twenty-five dollars allowed to the referee." The prosecution bond was in the usual form.

The plaintiff appealed.

*Mendenhall & Staples, Walter Clark* and *Gray & Stamps,* for appellant.
*Scott & Caldwell,* contra.

READE, J. The prosecution bond is conditioned to secure to the defendant " all such costs as he shall recover of the plaintiff in the action." In theory, and probably in many

cases in fact, the defendant pays his costs as he goes; and if the suit ends in his favor he is entitled to have them taxed, and to have judgment against the plaintiff for them, and for such recovery the sureties on the prosecution bond are liable; the object being to reimburse the defendant and to save him harmless, just as if he had not been sued. All the other costs in the case the defendant stands aloof from, and has nothing to do with and neither pays nor recovers. For such of the costs as the plaintiff has paid the defendant does not recover, of course, because he has not paid them, and is in no way liable for them. For such other costs as may arise—as in this case the allowance to the referee—they are taxed, not against the defendant, but against the plaintiff, and there is judgment against him therefor.

From this it will be seen that inasmuch as the allowance to the referee is not a part of the defendant's cost which he has paid or is liable to pay, he cannot *recover* it of the plaintiff. And so the sureties upon the prosecution bond are not liable, but only the plaintiff himself is liable.

But this ingenious and novel device is invented to reach innocent sureties, whose liabilities ought never to be stretched beyond what is nominated in the bond. First, give judgment against the defendant for the referee's allowance, which he has neither paid nor is liable for; and then give judgment against the plaintiff and his sureties for the same as a part of his cost; and thus reach the sureties on the prosecution bond.

That lacks the quality of truthfulness, which ought to characterize all judicial proceedings, and has the character of indirection, which should always be avoided.

We approve the rulings of his Honor with the modification suggested.

The defendant will pay the cost of this Court. Judgment here as modified.

PER CURIAM.                    Judgment accordingly.